**SO ORDERED: July 14, 2005.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| William D. Thorpe, Jr., | ) | CASE NO. 04-91785-BHL-7 |
|        Debtor. | ) | |
| _____ | ) | |
| Merrick Construction Companies, Inc. d/b/a | ) | |
| Merrick-Kemper, | ) | |
|        Plaintiff, | ) | |
| | ) | |
|     v. | ) | ADV. NO. 04-9057 |
| | ) | |
| William D. Thorpe, Jr., | ) | |
|        Defendant. | ) | |

ORDER

This matter comes before the Court on the **Plaintiff's Motion for Summary Judgment** filed on March 23, 2005. The Defendant's **Response to Motion for Summary Judgment** was filed on April 5, 2005, and the **Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment** was filed on April 18, 2005.

The Court, having considered the pleadings of record and being otherwise fully and sufficiently advised, finds that there is a genuine issue of material fact in dispute which precludes

summary disposition.  The **Plaintiff's Motion for Summary Judgment** is, accordingly, **DENIED** for the reasons set forth hereinbelow.

## MEMORANDUM

This matter was initiated by the filing of a **Complaint to Determine Dischargeability of Debts** on July 15, 2004,[1] and is now before the Court on the **Plaintiff's Motion for Summary Judgment** which was filed on March 23, 2005.  The Plaintiff, Merrick Construction Companies, Inc. d/b/a Merrick-Kemper ["MCC"] by and through its Complaint, seeks to assert a claim against the Debtor, William Thorpe ["Thorpe"] for fraudulently obtaining contract funds which were properly due and payable to MCC.  Although MCC obtained a default judgment against Thorpe in Jefferson Circuit Court on December 4, 2003, it has not relied upon that judgment as a basis for claiming nondischargeability in these proceedings.

<u>Standard of Review</u>

Summary judgment is mandated where there are no disputed issues of material fact and the movant must prevail as a matter of law.  *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994).  The moving party bears the initial burden of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party presents a prima facie showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials

---

[1]  The Complaint has since been amended, and is presently manifest before the Court as the **Second Amended Complaint to Determine the Dischargeability of Debts**, filed December 3, 2004.

2

in its pleadings but must affirmatively show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 323; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When reviewing facts in support of a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). The court's role is not to evaluate the weight of evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but rather to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50.

<u>Factual Background</u>

The Debtor, William D. Thorpe, Jr. ["Thorpe"], is the former president of Falls City Roofing Co., Inc. ["Falls City"], an Indiana corporation. Falls City was a commercial and industrial roofing contractor. Thorpe served as president of Falls City from 1987 until the company filed bankruptcy on July 10, 2003.

The Plaintiff, Merrick Construction Companies, Inc. ["MCC"] is a Kentucky corporation that provides plumbing, pipefitting, sheet metal, and roofing services to commercial and industrial clients and, similar to Falls City, is a family-owned business. The relationship between MCC and Thorpe began in 1988, when Thorpe and Fred Merrick, Jr., MCC's current president, met at a job site and soon after began doing business together. In fact, it is undisputed that Thorpe and members of the Merrick family became good friends after this meeting.

In early 2000, Falls City became the roofing contractor on a project at the Nazareth Literary & Benevolent Institution, located in Louisville, Jefferson County, Kentucky [the "Nazareth

3

Project"].  The general contractor on the Nazareth Project was Huber, Hunt & Nichols.  MCC submitted a bid to provide sheet metal materials and services on the Nazareth Project, and this bid was accepted by Falls City.  The parties entered into a Subcontract Agreement on April 5, 2000. MCC was Falls City's only subcontractor on the Nazareth Project.

<u>Discussion</u>

The Plaintiff seeks summary judgment on its claim that the debt is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).  Specifically, the Plaintiff asserts that Thorpe misrepresented Falls City's ability and intention to pay MCC for its services when he promised that "its money was safe" implying that there was ample money in the contractor's retainer to pay the Plaintiff in full and that Thorpe misrepresented his intention to get a joint check issued for the balance owed MCC.  Thorpe has denied any such misrepresentation.  The Court, therefore, is immediately confronted with a dispute regarding a significant issue of fact.   Because there is a genuine issue of triable fact, the Court must hear evidence and testimony before rendering its decision.

In accordance with all of the foregoing, the Court finds that Summary Judgment should be denied, and does now schedule this matter for TRIAL on August 15, 2005, at 9:30 a.m.

### 

Distribution to:

Debtor
Plaintiff's Counsel
Defendant's Counsel

4

5